## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JAMES STANTON,

           Petitioner,

                                          CASE NO. 04-CV-71351-DT

v.                                      HONORABLE GEORGE CARAM STEEH

HUGH WOLFENBARGER,

           Respondent.

_____/

### ORDER DENYING A CERTIFICATE OF APPEALABILITY AND
### DENYING LEAVE  TO PROCEED ON APPEAL IN FORMA PAUPERIS

      Petitioner has filed a notice of appeal concerning this Court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

      A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

1

"A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

As discussed in this Court's opinion and order, Petitioner's prosecutorial misconduct and jury instruction claims are barred by procedural default as he failed to properly object to those matters at trial and failed to establish cause and prejudice or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *see also Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). Furthermore, Petitioner has not made a substantial showing of the denial of a constitutional right as to each of those claims. He has not shown that the prosecutor's conduct was improper or otherwise violated his due process rights. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002). He has similarly failed to show that the reasonable doubt jury instruction was erroneous or rendered his trial fundamentally unfair. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991). Additionally, Petitioner has not made a substantial showing of the denial of a constitutional right as to his ineffective assistance of counsel claim, *see Strickland v. Washington*, 466 U.S. 668, 687

2

(1984), or his cumulative error claim.  *See Lorraine v. Coyle,* 291 F.3d 416, 447 (6th Cir. 2002).

The Court thus concludes that Petitioner has not made a substantial showing of the denial of a constitutional right concerning his habeas claims, nor has he shown that reasonable jurists would find the Court's procedural rulings debatable.  Accordingly, the Court **DENIES** a certificate of appealability.  Given this determination, the Court also **DENIES** his motion for leave to proceed on appeal *in forma pauperis*, *see* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**


**s/George Caram Steeh**_____
**GEORGE CARAM STEEH**
**UNITED STATES DISTRICT JUDGE**

**Dated:  December 30, 2005**

**CERTIFICATE OF SERVICE**

**Copies of this Order were served on the attorneys of record on December 30, 2005, by electronic and/or ordinary mail.**


**s/Josephine Chaffee**_____
**Secretary/Deputy Clerk**

3